IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0307 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS IN PART AND TO DENY IN PART
## PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner R. WAYNE JOHNSON. On November 15, 2006[1], petitioner filed a 36 page hand written pleading in this case entitled "Petition for Writ of Habeas Corpus" wherein he appeared to challenge an October 14, 2005 disciplinary case. On December 5, 2006 an Order of Deficiency issued because petitioner failed to utilize the form petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 and failed to inform the Court whether he was in fact, challenging the disciplinary proceeding and the loss of previously earned good time credits. On December 20, 2006 petitioner submitted an "Amended Petition" on the required form. However, petitioner states his intention is to proceed pursuant to 28 U.S.C. §2241(c)(3) not 28 U.S.C. §2254. Petitioner has

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

also presented issues about the conditions of his confinement.

It does not appear, following the finding of guilt in the disciplinary proceeding, petitioner filed either a Step 1 nor Step 2 grievance to appeal the disciplinary decision and punishment imposed. In his original hand written pleading petitioner appears to claim he is not required to appeal the disciplinary proceeding by filing such grievances. In his Amended Petition, petitioner has failed to include, with the form petition, pages 4 and 5 and thus petitioner has failed to demonstrate he has exhausted his state remedies. These issues will be addressed below.

## I.
## STATE COURT CONVICTION

According to petitioner, he is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a 1978 judgment and 99 year sentence out of the 70th Judicial District Court of Ector County, Texas for the offense of aggravated rape.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner does not challenge his underlying conviction.

## II.
## PETITIONER'S ALLEGATIONS

By his habeas application, petitioner appears to challenge, in part, an October 14, 2005 prison disciplinary proceeding. According to the TDCJ Disciplinary Report and Hearing Record provided by petitioner, he was punished with the forfeiture of 180 days previously accrued good

time credits.[2] Petitioner also presents two issues not related to his disciplinary proceeding. Petitioner claims are as follows:

1. Petitioner was denied his right to counsel;

2. Petitioner was denied due process in that the disciplinary procedures are void as violative of state law;

3. Petitioner's confinement in administrative segregation is unconstitutional as the conditions are deplorable; and

4. TDCJ has failed to review petitioner for parole for four (4) years.

### III.
### EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. 28 U.S.C. § 2254 also provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28

---

[2]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

U.S.C. § 2254(c).  *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[3]

It appears petitioner failed to file a Step 1 or Step 2 grievance.  It thus appears petitioner JOHNSON's claims of a denial of due process and denial of counsel were never exhausted and that he is now procedurally barred, by TDCJ time limits, from presenting these claims to state authorities.  For this reason, petitioner's first and second claims should be dismissed for failure to exhaust and as procedurally barred.

Additionally, the United States Supreme Court has held "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'"  *Baxter v. Palmigiano,* 425 U.S. 308, 315, 96 S.Ct. 1551, 1556 (1976) (citing *Wolff,* 418 U.S. at 570, 94 S.Ct. at 2981).  Under *Baxter*, petitioner may not complain about the inadequacy of his counsel substitute at the disciplinary hearing since he was not entitled to representation.  Thus this claim is without merit and must fail.

IV.
§1983 CLAIM

Petitioner's third ground of error relates to the conditions of his confinement.  Petitioner argues the conditions in administrative segregation are "deplorable."  "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994).  Here, petitioner's allegations challenge

---

[3] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

petitioner's conditions of confinement, and petitioner seeks injunctive relief in that he wants to be released from administrative segregation and transferred to another unit. Petitioner's third claim, which is a § 1983 claim is not cognizable in a federal habeas corpus action. Petitioner's third claim should have been presented as a civil rights complaint under 42 U.S.C. §1983. Petitioner, however, has refused to pursue his claims in a civil rights lawsuit, instead maintaining he is seeking relief pursuant to a habeas corpus § 2241 proceeding. Petitioner's third claim is not cognizable in a federal habeas corpus action and it should be dismissed.

## V.
## PAROLE REVIEW

In his fourth claim petitioner complains he has not been reviewed for parole in four (4) years. The undersigned construes petitioner's claims to be that his continued confinement is in violation of the Constitution and laws of the United States because he has not been released from confinement to parole. "Parole" is the "discretionary and conditional release of an eligible prisoner sentenced to the institutional division so that the prisoner may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." Tex. Code Crim. Proc. art. 42.18, § 2(1) (Vernon's 1992) (now Tex. Gov't Code § 508.001(6)). According to the TDCJ-CID online offender information, petitioner became eligible for release on parole on October 27, 1997. Release from "confined" custody in the form of parole to serve the remainder of one's sentence outside prisons walls, subject to specific conditions, is left solely to the discretion of the Board of Pardons and Paroles. Because this decision of whether to parole or not to parole is discretionary, prisoners in Texas possess no constitutionally protected right to release

on parole.  *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 422 U.S. 1, 7 (1979); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).  As there is no constitutional right to expectancy of, or liberty interest in obtaining, parole in Texas, it follows that a petitioner cannot complain of the constitutionality of procedural devices attendant to parole decisions.  *Orellana v. Kyle*, 65 F.3d at 32.  Consequently, to the extent petitioner claims he is entitled to parole review and/or immediate release from confinement to parole, his claim does not provide a basis for federal habeas corpus relief as no constitutional violation has occurred.

Because petitioner possesses no liberty interest in obtaining release on parole, petitioner has  failed to present a cognizable constitutional claim and this claim should be dismissed.

## VI.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner R. WAYNE JOHNSON is without merit and should be DISMISSED in part and DENIED in part as set forth above.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

  IT IS SO RECOMMENDED.

  ENTERED this 9th day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

  Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

  Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).